Douglas M. Lash WSBA No. 48531
McKENZIE ROTHWELL BARLOW
 & COUGHRAN, P.S.
1325 Fourth Ave, Suite 910
Seattle WA 98101
Tel. (206) 224-9900
Fax (206) 224-9820
douglasl@mrbclaw.com

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUND RETIREMENT TRUST, | |
| Plaintiff, | NO. |
| v. | |
| LAFFERTY'S PHARMACY, INC., P.S., UBI No. 602782608 and MICHAEL LAFFERTY, a Washington Resident, jointly and severally, | COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY |
| Defendants. | |

For its complaint, plaintiff alleges as follows:

## I.    PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is the Board of Trustees of the Sound Retirement Trust ("Trust"). The Trust is an "employee pension benefit plan" as defined in Section 3(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(2), and a "multiemployer plan" as defined in Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3). Plaintiff is the "plan sponsor" of the Trust, as defined in Section 4001(a)(10) of ERISA, 29

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 1

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202

1    U.S.C. § 1301(a)(10).

2        2.    Defendant Lafferty's Pharmacy, Inc., P.S. ("Lafferty's") is a Washington

3    state corporation having its principal business location in Seattle, Washington.

4        3.    Lafferty's is an "employer" as defined in Section 3(5) of ERISA, 29 U.S.C. §

5    1002(5).

6        4.    Michael Lafferty is a resident of Washington State, the sole owner of

7    Lafferty's, and owns the land upon which Lafferty's Pharmacy, Inc., P.S. operated.

8        5.    This Court has jurisdiction over this action pursuant to Sections 4301 and

9    4221(b) of ERISA, 29 U.S.C. § 1451 and 29 U.S.C. § 1401(b), respectively.

10       6.    Venue is properly laid in this Court pursuant to Section 4301(d) of ERISA,

11   29 U.S.C.§ 1451(d), because the Trust is administered within this judicial district.

12                    II.    **BACKGROUND**

13       7.    The Trust re-alleges the facts set forth in paragraphs 1 through 6 above as if

14   stated fully herein and further allege as follows:

15       8.    The "plan year" of the Trust for purposes of Section 4205 of ERISA, 29

16   U.S.C. § 1385, begins July 1st and ends the following June 30th.

17       9.    Prior to August 2015, Lafferty's was obligated to make employer

18   contributions to the Trust on behalf of certain of their employees under the terms of one or

19   more collective bargaining agreements.

20       10.   In August 2015, Lafferty's permanently ceased to have an obligation to

21   contribute to the Trust.

22

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 2

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202

11.     In August 2015, Lafferty's had a complete withdrawal from the Trust for the purposes of Section 4203 of ERISA, 29 U.S.C. § 1383.

12.     As a result of its complete withdrawal, the Trust determined that Lafferty's owes $196,197.00 in withdrawal liability.

13.     Pursuant to ERISA § 4219(c)(1)(B), the number of payments to pay off its withdrawal liability assessment were limited to 80 quarterly installment payments with the first payment due on June 1, 2016.  By letter dated April 22, 2016, the Trust notified Lafferty's in writing of its withdrawal liability assessment and demanded payment in accordance with the installment schedule.

14.     Lafferty's submitted a request for review of the assessment on June 7, 2016 alleging that the amount of the withdrawal liability was limited under ERISA § 4225(a), the Trust had overstated Lafferty's "highest contribution rate" used in determining its annual withdrawal liability payment amount, and that the Trust "may have overstated" Lafferty's contribution base units.

15.     On August 3, 2016, the Trust responded to Lafferty's request for review, denying that Lafferty's had identified a basis to modify or rescind its withdrawal liability assessment, and advised Lafferty's that it must initiate arbitration to resolve any dispute that it may have with the Trust's review within 60 days.

16.     Lafferty's did not request arbitration in accordance with ERISA § 4221(a); 29 U.S.C. § 1401(a).

17.     Lafferty's made its first nine quarterly payments, but each payment has been made late.  Lafferty's June 2016 payment was received five days late, its September 2016

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 3

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202

1    payment was received 14 days late, its December 2016 payment was received 11 days late,

2    its March 2017 payment was received 19 days late, its June 2017 payment was received 36

3    days late, its September 2017 payment was received 41 days late, its December 2017

4    payment was received 46 days late, its March 2018 payment was received 42 days late, and

5    its June 2018 payment was received 4 days late.

6         18.     Upon information and belief, Lafferty's sold its assets in 2015 and is no

7    longer operating.

8                        **CLAIM FOR RELIEF I**
                **THE TRUST'S DECLARATION OF AN INSECURITY DEFAULT**

9

10        19.     The Trust re-alleges the facts set forth in paragraphs 1 through 18 above as if

11   stated fully herein and further allege as follows:

12        20.     ERISA § 4219(c)(5)(A)-(B) provides that in the event of a default, a plan

13   sponsor may require immediate payment of the outstanding amount of an employer's

14   withdrawal liability, plus accrued interest on the total outstanding liability from the due date

15   of the first payment which was not timely made.   For purposes this section, the term

16   "default" means- (A) the failure of an employer to make, when due, any payment under this

17   section, if the failure is not cured within 60 days after the employer receives written

18   notification from the plan sponsor of such failure, and (B) *any other event defined in rules*

19   *adopted by the plan which indicates a substantial likelihood that an employer will be unable*

20   *to pay its withdrawal liability.*   See 29 U.S.C. § 1399(c)(5)(A)-(B) and 29 C.F.R. §

21   4219.31(b) (emphasis added).

22

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 4

3901.000 WDL th221202

21.     The Sound Retirement Trust's Amendment to Withdrawal Liability Procedures and Policy (hereinafter referred to as "Withdrawal Liability Procedures") provides, in pertinent part, that the unpaid balance of withdrawal liability shall be immediately due and payable if an employer defaults on any payment of its withdrawal liability.

22.     The Withdrawal Liability Procedures further state that the term "default" means events which the Trustees determine, in their sole discretion, renders the Trust insecure with respect to receipt of payment of the employer's withdrawal liability.

23.     The Withdrawal Liability Procedures identify the following events, among others as rendering the Trust insecure with respect to receipt of payment of withdrawal liability:

...

(2)     the employer's failure or inability to pay its debts as they become due, unless the employer can satisfy the Trustees that it has sufficient assets to make its withdrawal liability payments when due;

(3)     the cessation of all or substantially all of an employer's operations and the employer does not provide adequate information that there are sufficient assets to satisfy the assessment over the period of time for which withdrawal liability payments are due to the Trust to the satisfaction of the Trustees; or

...

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 5

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202

1          (6)       the employer advises the Trust that it is financially unable to pay the

2          assessment of withdrawal liability.

3

4      24.    By letter dated April 10, 2018, the Trust requested Lafferty's to provide

5  information within 30 days of the date of receipt of the April 10, 2018 letter to determine

6  whether there is a substantial likelihood that Lafferty's will be unable to pay its withdrawal

7  liability payments as they become due.

8      25.    Lafferty's did not respond to the Trust's letter dated April 10, 2018 within 30

9  days of receipt of the letter.

10      26.    Counsel for Lafferty's advised on June 15, 2018 that Lafferty's "had less than

11  $500 in the bank" and she informed the Trust that it "would be a challenge to collect" on a

12  judgment if the Trust were successful in pursuing an "insecurity default."

13      27.    On June 15, 2018, counsel for Lafferty's also provided Lafferty's 2016 tax

14  return indicating that it had ordinary business income of -$14,605 for the 2016 tax year.

15      28.    Based on its own conduct and admissions, Lafferty's does not have sufficient

16  assets to make its withdrawal liability payments when due.

17      29.    Accordingly, the Trustees have determined that the Trust has been rendered

18  insecure with respect to receipt of payment of withdrawal liability from Lafferty's.

19      30.    Pursuant to ERISA § 4219(b)(5), Lafferty's owes the Trust immediate

20  payment of $197,928.58 in withdrawal liability. See 29 U.S.C. § 1399(b)(5).

21      31.    Under the terms of the Trust Agreement and ERISA §§ 4301(b), 515, and

22  502(g)(2), Lafferty's is obligated to pay liquidated damages, interest, reasonable attorney's

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 6

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202

1    fees, and costs and expenses of suit to be determined upon motions at trial.  See 29 U.S.C.

2    §§ 1451(b), 1145, 1132(g)(2).

3    **III.**    **CLAIM FOR RELIEF II – CONTROLLED GROUP LIABILITY**

4    32.    The Trust re-alleges the facts set forth in paragraphs 1 through 31 as above as

5    if stated fully herein and further allege as follows:

6    33.    Michael Lafferty was the sole owner of Lafferty's at the time of its

7    withdrawal from the Trust.

8    34.    Michael Lafferty owned, in his personal capacity, the real estate which was

9    rented to or used by Lafferty's at the time of Lafferty's withdrawal from the Trust.

10    35.    Michael Lafferty was operating as a "trade or business" by renting or

11    allowing Lafferty's to use the real estate which he owned.

12    36.    Michael Lafferty is in the same controlled group as Lafferty's due to

13    common control.

14    37.    Accordingly, Michael Lafferty is jointly and severally liable for the

15    immediate payment of $197,928.58 to the Trust in withdrawal liability because he is in the

16    same control group as Lafferty's as defined by ERISA § 4001(b)(1).  See 29 U.S.C.

17    § 1301(b)(1).

18    38.    Michael Lafferty is jointly and severally liable for the payment of liquidated

19    damages, interest, reasonable attorney's fees, and costs and expenses of suit, to be

20    determined upon motions or at trial, as provided by the terms of the Trust Agreements and

21    Sections 4301(b), 515, and 502(g)(2) of ERISA, 29 U.S.C. §§ 1451(b), 1145, 1132(g)(2).

22

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 7

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202

1    WHEREFORE, plaintiff prays for judgment as follows:

2    (a)    For withdrawal liability to Sound Retirement Trust from Lafferty's

3           Pharmacy, Inc., P.S. in the amount of $197,928.58 with interest thereon

4           determined in accordance with ERISA §§ 4219(c)(6) and 4221(b)(1). See 29

5           U.S.C. §§ 1399(c)(6) and 1401(b)(1);

6    (b)    For withdrawal liability based on controlled group liability from Michael

7           Lafferty, jointly and severally, in the amount of $197,928.58 with interest

8           thereon determined in accordance with ERISA §§ 4219(c)(6) and 4221(b)(1).

9           See 29 U.S.C. §§ 1399(c)(6) and 1401(b)(1);

10   (c)    For attorney fees and costs, pursuant to ERISA § 502(g). See 29 U.S.C. §

11          1132(g); and

12   (d)    For such other and further relief as this Court deems just and equitable.

13   DATED this 22nd day of August, 2018.

14                          _s/ Douglas M. Lash_____

15                          Douglas M. Lash WSBA No. 48531
                            McKENZIE ROTHWELL BARLOW
16                          & COUGHRAN, P.S.
                            1325 Fourth Ave, Suite 910
17                          Seattle WA 98101
                            Tel. (206) 224-9900
18                          Fax (206) 224-9820
                            douglasl@mrbclaw.com
19

20

21

22

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 8

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL th221202